## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CURTIS ALLEN,**

      **Plaintiff,**

**v.**                                            **Case No.  06-2232-KHV/DJW**

**AMF BOWLING CENTERS, INC.,**

      **Defendant.**

### STIPULATED PROTECTIVE ORDER

Plaintiff Curtis Allen ("plaintiff") and defendant AMF Bowling Centers, Inc. ("defendant"), by their respective counsel, having stipulated to the terms of this Order, and the Court being fully advised in the premises and after finding that good cause exists for a protective order for certain documents, it is hereby ORDERED:

    1.    Purpose of Order.  The purpose of this Order is to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this litigation and to facilitate the exchange of information between the parties.  The Order is necessary to protect confidential and proprietary information regarding both parties, as well as confidential medical and personnel information regarding non-parties, from annoyance and embarrassment that unrestricted disclosure may potentially cause. Discovery in this case may seek the following private information concerning both parties and nonparties: plaintiff's confidential medical records, tax information and other private documents regarding plaintiff's income, confidential and proprietary information concerning defendant's trade secrets, proprietary and non-public information of defendant, including staffing, information regarding defendant's

1

methods of providing products and services, the personnel files of current and/or former employees of defendant, and defendant's financial information. This Order allows the parties access to information each seeks to discover, while minimizing the harmful effects on both. Further, this Order recognizes that the parties' legitimate privacy interests in such information substantially outweigh the public's right of access. Good cause exists for the issuance of a protective order under Federal Rule of Civil Procedure 26(c), including protecting the defendant from irreparable competitive injury as well as the fact that the majority of persons associated with this matter reside or work in a relatively small group of communities which are geographically close; and if the confidential information were known in the general community, such knowledge could lead to embarrassment, humiliation, loss of status and reputation, and could potentially impact upon certain persons' personal and/or work relationships.

2. Confidential Information. The parties have agreed that the categories of documents and information described above, if produced or disclosed during this litigation, shall be used only for purposes of this lawsuit and will be treated as confidential.

3. Designating documents and interrogatory answers as confidential. Any party to this action which it produces and which that party's counsel has determined in good faith is entitled to protection because it contains confidential information as defined in this Order may designate as "Confidential Information" a document or interrogatory answer produced after entry of this Order by conspicuously stamping or labeling the document or interrogatory answer with the word "Confidential." Documents or information produced by either party need not be treated as confidential pursuant to this Order unless they are stamped or labeled in such a fashion except as provided in this Order. The inadvertent failure to designate material as "Confidential" does not

preclude a party from subsequently making such a designation, and, in that case, the material shall be treated as confidential only after being properly designated.  Unless otherwise ordered by the Court or stipulated by the parties, only documents, interrogatory answers, or deposition testimony relating to the subjects enumerated in paragraph 1 may be designated as Confidential Information. Parties to this action may also designate deposition testimony relating to the subjects enumerated in paragraph 1 above as "Confidential Information" by advising opposing counsel of record, in writing, within 15 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition which the party believes fall under paragraph 1.  Alternatively, any party may, on the record at the deposition, designate deposition testimony as Confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.

4. Disclosure of Confidential Information.  Any documents or interrogatory answers which are marked as Confidential are to be treated as such by the party receiving the discovery, are subject to this Protective Order, and shall be utilized by such party only for the prosecution or defense of this case. Except as agreed upon by the parties, or ordered by the Court, disclosure of such material or information contained therein is limited to:

   (a) The parties;

   (b) Their counsel, counsel's legal and clerical assistants and staff;

   (c) Any person who testifies at deposition or at trial in this proceeding, provided that such person is given notice of the terms of this Stipulated Protective Order and that all testimony taken concerning Designated Documents or information contained therein be marked "Confidential";

(d) Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

(e) Any independent document reproduction services or document or video recording and retrieval services; and

(f) Any expert witness or outside consultant retained or consulted by the parties in connection with this litigation, provided that such person is given notice of the terms of this Stipulated Protective Order and agrees to be bound by its provisions.

Counsel shall advise all persons to whom discovery materials are disclosed pursuant to this paragraph of the existence of this Order. Prior to disclosure of any of any documents or information designated as "Confidential" pursuant to this Order, a person given access (other than those persons in category 4(a), 4(b) and 4(d) above) must agree to be bound by this Order and sign an acknowledgment of such in the form attached hereto as Exhibit "A.".

5. Disputes Concerning Designation(s) of Confidential Information. In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as confidential, the party shall first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the objecting party may, after complying with the Local Rules of this Court, present a motion to the Court to strike or modify the treatment of the Document or information as :Confidential." The Document or information shall continue to have the benefit of the designated status until further order of the Court.

6. Use of Confidential Information. The parties and their counsel shall exercise reasonable care not to disclose information contained in these confidential documents by placing them in the public record in this case. If a party wishes to use any confidential information in any

affidavit, brief, memorandum, oral argument, or other paper filed in this Court in this case, such paper or transcript may be filed under seal only upon separate, specific motion and later order of the Court. The parties and their counsel, however, have the right to use any such information contained in these documents, or the documents themselves, in depositions and the trial of this case.  The parties do not waive any right to object at trial to the admissibility of any document, which falls under the scope of this Order, or portion thereof, or the right to file a motion in limine regarding the use of any such documents.

7. Inadvertent Disclosure.  In the event of an inadvertent disclosure of a party's Confidential information, the party making the inadvertent disclosure shall, upon learning of the disclosure: (i) promptly notify the person to whom the disclosure was made that it contains Confidential information subject to this Protective Order; and (ii) promptly make all reasonable efforts to obtain the return of, and preclude dissemination or use of, the Confidential information by the person to whom disclosure was inadvertently made.

8. Modification.  Any party to this Stipulated Protective Order may apply to the Court, on reasonable notice to all parties, for relief or modification of any provision of this Order.

9. Return of Confidential Information.  Within thirty days of the conclusion of this litigation, including all appeals, the parties' respective counsel shall, return all documents (except exhibits filed of record) which fall under the scope of this Order.  The parties may agree to a method of destruction for all Confidential documents and information in lieu of returning such Designated Documents and information within thirty days of the conclusion of this litigation.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 29th day of November, 2006.

                                              <u>s/ David J. Waxse</u>
                                              David J. Waxse
                                              United States Magistrate Judge

cc:   All counsel and *pro se* parties

**APPROVED AS TO FORM AND CONTENT**

**DAVIS KETCHMARK & McCREIGHT, P.C.**

By    /s/ Brett A. Davis
      Michael S. Ketchmark - KS FED#70217
      Brett A. Davis         - KS # 16217

2345 Grand Boulevard, Suite 2110
Kansas City, Missouri  64108
Telephone:    816/842-1515
Facsimile:    816/842-4129
Email:        msk@dkelaw.com
Email:        bdavis@dkelaw.com

**Attorneys for Plaintiff**

and:

**SHUGHART THOMSON & KILROY, P.C.**

/s/ Francesca Cheroutes
James C. Sullivan           KS FED #70453
Francesca Cheroutes         KS # 18491
120 West 12th Street,       Suite 1700
Kansas City, MO  64105
Phone         (816) 421-3355
Facsimile     (816) 374-0509
Email:        jsullivan@stklaw.com
Email:        fcheroutes@stklaw.com

Attorneys for Defendant

7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CURTIS ALLEN,**

**Plaintiff,**

**v.**                                                                      **Case No.  06-2232-KHV/DJW**

**AMF BOWLING CENTERS, INC.,**

**Defendant.**

### DECLARATION AND EXHIBIT "A" TO PROTECTIVE ORDER

I, _____, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

My signature below indicates that I have read the Protective Order which is dated _____ and marked with the caption of this case, and I understand and agree to be bound by its terms.

_____
Signature

_____
Address

_____
Phone